IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CLARISSA TOLER-DUBANSKI, | No. 3:12-cv-00973-HZ |
| Plaintiff, | OPINION & ORDER |
| v. | |
| CAROLYN COLVIN, Commissioner, Social Security Administration, | |
| Defendant. | |

Bruce W. Brewer
Law Offices of Bruce W. Brewer, PC
PO Box 421
West Linn, OR 97068

    Attorney for Plaintiff

Adrian L. Brown
U.S. Attorney's Office
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

1 - OPINION & ORDER

Daphne Banay
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, WA 98105-7075

  Attorneys for Defendant

HERNANDEZ, District Judge:

  Plaintiff Clarissa Toler-Dubanski brings this action for judicial review of the Commissioner's final decision denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. I have jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c)(3)). For the following reasons, I reverse the Commissioner's decision and remand for additional proceedings on the issue of Plaintiff's credibility.

## BACKGROUND

  Plaintiff was born in 1968 and was 40 years old at the alleged onset of disability. Tr. 141. She has a high school degree (Tr. 151) and reports past work as an office specialist. Tr. 146. Plaintiff alleged disability since November 9, 2008 (Tr. 33) due to fibromyalgia, a back injury from an ATV accident, depression, and anxiety. Tr. 145.

  The Commissioner denied her application initially and upon reconsideration (Tr. 58-59), and an Administrative Law Judge ("ALJ") held a hearing on November 17, 2010. Tr. 32. The ALJ found Plaintiff not disabled on December 2, 2010. Tr. 14-16. The Appeals Council declined review of the matter on March 30, 2012, making the ALJ's decision the final decision of the Commissioner. Tr. 2-4.

/ / /

/ / /

2 - OPINION & ORDER

SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated according to a five-step procedure. See Valentine v. Comm'r, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five,

the Commissioner must establish that the claimant can perform other work.  Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f).  If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled.  20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

The ALJ found Plaintiff's spine, rib, and scapula fractures; obesity; and fibromyalgia "severe" at step two in the sequential proceedings.  Tr. 19.  At step three, the ALJ found that the impairments, singly or in combination, did not meet or equal the requirements of any listed impairment.  Tr. 20.  The ALJ assessed Plaintiff's RFC and concluded that she could perform "sedentary work…however she should never climb ladder/rope/scaffolds, crawl, or reach overhead with her right (dominant) arm…avoid concentrated exposure to vibration…[and] is limited to no more than occasional stooping, balancing, kneeling, crouching and climbing of stair/ramp."  Tr. 21.  The ALJ found that this RFC allowed Plaintiff to perform her past relevant work as a secretary.  Tr. 25.  The ALJ therefore found Plaintiff not disabled under the Commissioner's regulations.  Id.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record.  42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence" means "more than a mere scintilla, but less than a preponderance."  Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.

This court must weigh the evidence that supports and detracts from the ALJ's conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. Id. (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)); see also Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. Id.; see also Batson, 359 F.3d at 1193. However, this court cannot now rely upon reasoning the ALJ did not assert in affirming the ALJ's findings. Bray, 554 F.3d at 1225-26 (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (citing same).

## DISCUSSION

Plaintiff raises several errors in the ALJ's decision: (1) rejecting Plaintiff's testimony as not credible, (2) failure to find depression and other mental health impairments severe at step two, (3) rejecting the opinion of treating physician Dr. Gordon Wolfe, and (4) rejecting the lay witness statement of Henrietta Nelson.

I.    Credibility

The ALJ must consider all symptoms and pain which "can be reasonably accepted as consistent with the objective medical evidence, and other evidence." 20 C.F.R. § 404.1529(a). Once a claimant shows an underlying impairment which may "reasonably be expected to produce pain or other symptoms alleged," absent a finding of malingering, the ALJ must provide "clear and convincing" reasons for finding a claimant not credible. Lingenfelter, 504 F.3d at 1036 (citing Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996)).

The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (citing Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991)(en banc)).  The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. Smolen, 80 F.3d at 1284.  The ALJ may additionally employ ordinary techniques of credibility evaluation, such as weighing inconsistent statements regarding symptoms by the claimant.  Id. The ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." Robbins, 466 F.3d at 883; see also Bunnell, 947 F.2d at 346-47.

As factors in his credibility determination, the ALJ cited to inconsistent statements about physical limitations, activities of daily living, failure to seek treatment, and work history.  Tr. 22-23.

A.  Inconsistent Statements

The ALJ found inconsistencies in Plaintiff's statements throughout the record, and relied upon these inconsistencies in rejecting Plaintiff's symptom testimony.  Tr. 22-23.  The ALJ may cite such statements in assessing a claimant's testimony.  Smolen, 80 F.3d at 1284.

1.  Sitting Limitation

The ALJ cited to Plaintiff's testimony that she could sit for only 10-15 minutes before experiencing pain and numbness in her legs, and yet observed Plaintiff sitting through the 45-minute hearing without apparent discomfort.  Tr. 34.  Additionally, Plaintiff testified that she

drives once or twice a week for 20-minutes to visit her aunt's house despite the 10-15 minute sitting limitation.  Tr. 49.

First, Plaintiff argues that the observation improperly turned the ALJ into a witness in the proceeding.  Pl.'s Br. 6.  I disagree.  "In instances where the individual attends an administrative proceeding conducted by the adjudicator, the adjudicator may also consider his or her own recorded observations of the individual as part of the overall evaluation of the credibility of the individual's statements."  Social Security Ruling ("SSR") 1996 SSR LEXIS 4, at *14 (1996).  It was not improper for the ALJ to consider his own observations.

Second, Plaintiff argues that the ALJ may not apply a "sit and squirm" test to find Plaintiff not credible regarding her sitting limitation.  Pl.'s Br. 6.  Plaintiff cited to Coats v. Heckler, 733 F.2d 1338 (9th Cir. 1984) in support.  In Coats, the issue was whether the ALJ improperly rejected a doctor's opinion because the claimant's "appearance and physical manifestations at the hearing belied her complaints of constant back and leg pain."  733 F.2d at 1340.  The court held that the ALJ's reason was not sufficiently clear and convincing to reject the doctor's opinion.  Id.  Coats does not support Plaintiff's argument that the ALJ could not evaluate Plaintiff's credibility based on personal observations.

    2.        Walking Limitation

Plaintiff testified that she could only walk 35 feet before having to stop because of pain and numbness in her legs.  Tr. 35.  But in her function report, Plaintiff stated that she could walk for 10 minutes before needing rest (Tr. 174) and went shopping a few times a week for 30 minutes at a time (Tr. 172).  The ALJ noted this inconsistency as a reason for finding Plaintiff not credible.  Tr. 22.  Plaintiff's function report is dated February 12, 2009, almost two years

before the hearing. Given the temporal discrepancy of the statements from the hearing and function report, there is no inconsistency. This finding is not affirmed.

B.   Activities of Daily Living

The ALJ noted that Plaintiff had no significant difficulty with personal care, taking care of the household, cooking, cleaning, washing clothes, doing dishes, grocery shopping, and caring for her four-year old child. Tr. 22. Plaintiff testified at the hearing that her arm function has improved since she filled out the function report. Tr. 37.

The ALJ may cite a claimant's activities of daily living in his credibility analysis, Smolen, 80 F.3d at 1284, and may cite such activities in finding them inconsistent with a claimant's allegation of total disability. Batson, 359 F.3d at 1196. The record reflects the ALJ's findings regarding Plaintiff's reports of her daily activities. Tr. 117-24, 263. This court must defer to an ALJ's interpretation of a claimant's daily activities, even where other interpretations more favorable to the claimant may arise. Rollins v. Massinari, 261 F.3d 853, 857 (9th Cir. 2001). This finding is affirmed.

C.   Failure to Seek Treatment

The ALJ found that other than pain medications and care immediately following the ATV accident, Plaintiff self-discontinued physical therapy after two appointments. An ALJ may cite a claimant's failure to seek treatment in finding a claimant not credible. Smolen, 80 F.3d at 1284. However, the ALJ failed to consider that Plaintiff lost her health insurance after December 2009. Defendant concedes that this omission was error.

D.   Work History and Unemployment Benefits

The ALJ found that Plaintiff stopped working for reasons other than her impairments. Tr. 23. Plaintiff's alleged onset date of disability is November 9, 2008—the date of the ATV

accident. However, a treatment note dated October 29, 2008 stated that Plaintiff had been off work the previous three weeks due to harassment at work. Tr. 227. Plaintiff's treating physician had put her on medical leave due to anxiety and depression as a result of harassment at work. Tr. 305. Defendant concedes that it was error to not consider that Plaintiff stopped work due to anxiety and depression because of the harassment. Def.'s Br. 12.

Additionally, the ALJ's credibility analysis discussed Plaintiff's collection of unemployment benefits. Tr. 23. The ALJ reasoned that Plaintiff represented herself as available for work, which contradicted his application for disability benefits. Id. Collection of unemployment benefits may undermine a claimant's alleged inability to work full time. Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008) (citing Copeland v. Bowen, 861 F.2d 536, 542 (9th Cir. 1988)). This is because unemployment benefit applications may require that a claimant hold herself out as available for full time work. Copeland, 861 F.2d at 542. Plaintiff's unemployment benefits application is not in the record. The record therefore does not establish the manner in which Plaintiff held herself available for work. I cannot determine that Plaintiff made an assertion regarding her availability for work, and an ALJ's inference on the matter does not constitute a clear and convincing reason for discrediting a claimant. Carmickle, 533 F.3d at 1162. Defendant concedes this error. Def.'s Br. 13.

      E.      Credibility Conclusion

In summary, the ALJ's findings regarding Plaintiff's inconsistent statements about her sitting limitation and her reported activities of daily living are based upon the record and appropriate legal standards. The other three reasons given by the ALJ (walking limitation, failure to seek treatment, and work history) were not affirmed. Although this court may affirm

an ALJ's overall credibility conclusion when not all of the ALJ's reasons are upheld, Batson, 359 F.3d at 1197, I am unable to determine whether the ALJ would still have found Plaintiff not credible based only on the two reasons that were affirmed. On remand, the ALJ must determine whether Plaintiff is credible. Depending on the finding, it may be necessary to reformulate Plaintiff's RFC and proceed with the disability analysis.

II.    Step Two Severe Impairments

Plaintiff argues that the ALJ failed to find her depression and other mental impairments severe at step two of the sequential analysis. The step two inquiry is the *de minimis* screening device used to dispose of groundless claims. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). At step two, a plaintiff must present evidence of an impairment or impairments which are so severe that it "significantly limits [a plaintiff's] physical and mental ability to do basic work activities." 20 C.F.R. § 416.920(c). "The severity regulation increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely that they would be found disabled even if their age, education, and experience were not taken into account." Yuckert, 482 U.S. at 153. Where the plaintiff meets the *de minimis* threshold, the ALJ continues with the sequential analysis, considering the effect of all of the plaintiff's impairments, whether severe or non-severe. SSR 96-8p, 1996 SSR LEXIS 5 at *14-15. Therefore, reversible error occurs only when a severe impairment excluded at step two caused additional functional limitations not accounted for in the RFC assessment. Lewis v. Astrue, 498 F. 3d 909, 911 (9th Cir. 2007).

In this case, step two of the sequential analysis was resolved in Plaintiff's favor, as the ALJ continued to subsequent steps. Thus, any error in neglecting to mention Plaintiff's depression or bipolar disorder was harmless so long as all of her impairments were considered in

the RFC. Id. Plaintiff does not argue that limitations due to her depression or bipolar disorder were omitted from the RFC. In fact, the evidence in the record indicates that Plaintiff responded well to medication to treat her depression and bipolar disorder. Tr. 309 ("depression is reasonably controlled"), 310 ("bipolar II is well-controlled"), 383 (Plaintiff is "getting along pretty well."). Therefore, any error at step two was harmless.

III.     Treating Physician Opinion

Plaintiff argues that the ALJ failed to give controlling weight to treating physician Dr. Gordon Wolfe.

Disability opinions are reserved for the Commissioner. 20 C.F.R. § 404.1527(e)(1). When making that determination, the ALJ generally must accord greater weight to the opinion of a treating physician than that of an examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ must also generally give greater weight to the opinion of an examining physician over that of a reviewing physician. Id. If two opinions conflict, an ALJ must give "specific and legitimate reasons" for discrediting a treating physician in favor of an examining physician. Id. at 830. The ALJ may reject physician opinions that are "brief, conclusory, and inadequately supported by clinical findings." Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).

Dr. Wolfe submitted a letter in which he concluded that Plaintiff should be found disabled. Tr. 390-91. The ALJ found that Dr. Wolfe's opinion was not supported by his treatment notes. Tr. 24. For example, Dr. Wolfe stated in the letter that Plaintiff had undergone extensive therapy, yet the record only reflects that she attended two physical therapy appointments. Id. On September 10, 2009, Dr. Wolfe found that Plaintiff had normal strength and reflexes in the lower extremities. Id. He could not find spinal etiology for Plaintiff's

11 - OPINION & ORDER

symptoms and noted that Plaintiff's symptoms did not fit a peripheral neuropathy.  Id.  On October 1, 2009, Dr. Wolfe noted that Tramadol significantly helped with her back and right scapular pain.  Id.  Finally, on December 29, 2009, there is no mention of back or scapular pain.  Id.  The ALJ gave Dr. Wolfe's opinion of disability little weight because his opinion was not supported by treatment notes and his opinion was heavily based on Plaintiff's self-report rather than objective findings.  Id.

Plaintiff argues that the ALJ erred because he failed to weigh the six factors in 20 C.F.R. § 404.1527 when weighing Dr. Wolfe's opinion.  When the treating source's opinion is not given controlling weight, these factors are used to determine the weight to give the opinion.  20 C.F.R. § 404.1527(2).  The factors consider the length of the treatment relationship, the extent of the treatment, evidence provided to support the opinion, consistency of the opinion, specialization of the treating physician, and any other factors the claimant wishes the ALJ to consider.  Id. at § 404.1527(2)(c).  Plaintiff argues that if the ALJ had considered these factors, Dr. Wolfe's opinion should have been given controlling weight.

Plaintiff's argument is unavailing.  The ALJ's reasons are reflected in the factors of 20 C.F.R. § 404.1527, specifically the evidence used to support the opinion and the consistency of the opinion.  As explained above, the ALJ found that the opinion was largely based on Plaintiff's self-report of symptoms and was inconsistent with his treatment notes.  Plaintiff rebuts the ALJ's findings with argument, rather than evidence in the record.[1]  Pl.'s Br. 13-14.  The ALJ provided specific and legitimate reasons to give Dr. Wolfe's opinion little weight.  The ALJ's finding is affirmed.

---

[1] For example, to rebut the treatment notes that the ALJ cited regarding an absence of spinal etiology or peripheral neuropathy, Plaintiff argues "Inaccurate:  Dr. Wolfe found Plaintiff to be completely straightforward and in 19 years never once did he see signs of malingering.  The referenced tests are like comparing apples and oranges[.]"  Pl.'s Br. 13.

12 - OPINION & ORDER

IV.     Lay Witness Testimony

Plaintiff argues that the ALJ improperly rejected the testimony of Henrietta Nelson, her mother. Tr. 13. The ALJ stated that he considered Nelson's testimony but found it unhelpful because it "closely followed claimant's own self-report to an incredible degree[.]" Tr. 22.

The ALJ has a duty to consider lay witness testimony. 20 C.F.R. §§ 404.1513(d), 404.1545(a)(3); Bruce v. Astrue, 557 F.3d 1113, 1116 (9th Cir. 2009). Friends and family members in a position to observe the claimant's symptoms and daily activities are competent to testify regarding the claimant's condition. Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993). The ALJ may not reject such testimony without comment and must give reasons germane to the witness for rejecting her testimony. Bruce, 557 F.3d at 1115; Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996).

Plaintiff argues that the ALJ rejected Nelson's testimony because the testimony was similar to Plaintiff's own function report. Pl.'s Br. 15. Plaintiff misunderstands the ALJ's assessment of Nelson's testimony. The ALJ did consider the testimony. But because the testimony was so similar to Plaintiff's own function report, the testimony did not provide additional insight into Plaintiff's limitations. Tr. 22. The ALJ's finding is affirmed.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

CONCLUSION

Based on the foregoing, the Commissioner's decision is reversed and remanded for additional proceedings. On remand, the ALJ must determine whether Plaintiff is credible and proceed with the disability analysis if necessary.

IT IS SO ORDERED.

Dated this \_\_\_11\_\_\_ day of November, 2013

/s/ Marco Hernandez
MARCO A. HERNANDEZ
United States District Judge

14 - OPINION & ORDER